J. F. Daly, J.
The jury was not bound to disregard all the testimony of the plaintiff, unless they believed not only that her testimony on a material issue *350 was false, but willfully and corruptly false (Wilkins v. Earle, 44 N. Y., 182 ; People v. Evans, 40 Id., 5 ; Brett v. Catlin, 47 Barb., 404 ; The Santissima Trinidad, 7 Wheat., 339). ‘
In the case last quoted the United States Supreme / Court, says: “Where a party testified to a fact in respect ; of which he can not be presumed liable to a mistake, j as in relation to the country of bis birth, or his being ! in a vessel on a particular voyage, or living in a par- j ticular place, if the fact turn out otherwise, it is ex- ) tremely difficult to exempt him ¡from the charge of < deliberate falsehood ; and courts of justice under such \ circumstances are bound upon principles of law and morality and justice to apply the maxim, “falsus in j uno, falsus in omnibus.” \
These remarks not only lay down the true rule, but / give suggestive instances of its application. Strictly judged by it the plaintiff here might still claim credibility as a witness on all the issues except the one which the jury found against her. On the issues as to the loan and re-payment of fifteen hundred dollars, the j jury disbelieved her positive statement that the money had never been repaid. The defendant swore that it had j been, and so did the witness Morrison. Prom the cir- ) cumstance that wherever plaintiff and defendant were j in conflict on the other issues; the jury found against i defendant, it is safe to assume that the finding against plaintiff as to the fifteen hundred dollars was based ; upon Morrison’s testimony.
But was the fact as to which she and Morrison disagreed one “in respect of which she could not be presumed liable to a mistake”? Clearly it was not.
It was upon the question as to the re-payment of a loan made by the plaintiff to the defendant of fifteen hundred dollars ; plaintiff swearing that she loaned it without security, and that it was never re-paid her ; defendant swearing that it was borrowed by him for *351 one Morrison on a pledge of watches deposited with plaintiff, and defendant and Morrison swearing that the fifteen hundred dollars was subsequently paid to plaintiff and the watches redeemed; plaintiff in rebuttal swearing that the loan by her to defendant on the security of the watches was a separate affair, amounted to two hundred dollars only, and was subsequently paid. When the money was paid her by Morrison, through defendant, it was not counted, and her attention was not called to the amount in such a manner as to preclude the possibility of error. It was one of those circumstances concerning which a party might be mistaken, or might have been deceived, not one where mistake or deception was impossible, such as residence, place of birth, particular voyages made, &c. ; facts which so fix themselves upon the memory, or become a part of one’s life and history to such an extent as to preclude assumptions of unintentional error.
The motion for new trial must be denied.